**IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PINELLAS COUNTY, FLORIDA
CIVIL DIVISION**

**CHARU JOELLA BYAM-HUNTE,**
*on behalf of herself and all others
similarly situated*,

      **Plaintiff,**

**v.**                             **CASE NO.:**

**CLEARSTAR, INC., and SELECTION
MANAGEMENT SYSTEMS, INC., d/b/a
SELECTION.COM and XPEDITE
WHOLESALE CRIMINAL RESEARCH,**

      **Defendants.**
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Charu Joella Byam-Hunte, by and through her attorneys, and on behalf of herself, the putative classes set forth below, and in the public interest, brings the following Class Action Complaint as of right against Defendant ClearStar, Inc., and Defendant Selection Management Systems, Inc., d/b/a Selection.com and Xpedite Wholesale Criminal Research (collectively, "Selection") under the Fair Credit Reporting Act of 1970, as amended ("FCRA"), 15 U.S.C. §§ 1681–1681x.

## NATURE OF THE CASE

1.    This FCRA action arises out of Plaintiff's application for employment with non-party Stellar Partners. Stellar hired Defendant ClearStar to perform a pre-employment background check on Plaintiff, the reporting of which information is subject to the FCRA's strictures. The FCRA imposes several important accuracy and transparency requirements on

consumer reporting agencies ("CRAs") like Defendant, which are designed to protect consumers like Plaintiff.

2.    As part of the process of assembling the report about Plaintiff, ClearStar obtained data from Selection to include in that report. The communication of that information from Selection to ClearStar was a "consumer report" governed by the FCRA.

3.    Despite this clear application of the FCRA to Selection's sale of information to ClearStar, Selection did not have a legal right to provide a consumer report about Plaintiff to ClearStar in the first place.

4.    Selection knowingly disguises a segment of its business, known as Xpedite Wholesale Criminal History, as a non-consumer reporting agency business that it claims is not governed by the FCRA. In fact, however, Selection's operation of its Xpedite business constitutes merely an extension of its other consumer-reporting business that it agrees *is* governed by the FCRA.

5.    Obtaining and using consumer reports is presumptively illegal. To overcome that restriction, the user of a consumer report must certify to the agency from which it seeks a report the purpose to which the reports it seeks will be put. Without such certification, a consumer reporting agency is forbidden from issuing reports.

6.    Because Selection provides consumer reports as governed by the FCRA through its Xpedite business, Selection is required to limit the disclosure of those reports to the permissible purposes authorized by the FCRA in 15 U.S.C. § 1681e(a) and to obtain a certification from its users certifying the purposes for which the information was being sought, and certifying that the information will be used for no other purpose, as required by 15 U.S.C. § 1681e(a).

7.     Selection, via Xpedite, however never obtains this certification from its users like ClearStar, and therefore has no reason to believe the reports are being obtained for a permissible purpose set forth in the FCRA, 15 U.S.C. § 1681b. Selection thus routinely violates the permissible purpose limitations of § 1681b and the requirements of § 1681e(a).

8.     Likewise, ClearStar did not have a legal right to access Plaintiff's consumer report from Selection. As a prerequisite to obtain Plaintiff's consumer report, ClearStar was required to provide a certification to Selection certifying the purposes for which the information was being sought, and certifying that the information will be used for no other purpose. 15 U.S.C. § 1681b(f)(2).

9.     ClearStar knew that Selection, via Xpedite, was operating as a consumer reporting agency by reason of ClearStar's own service agreement with Selection and Xpedite. Yet, ClearStar never certified to Selection why it was seeking Plaintiff's consumer report and never certified it would be used for no other purpose and, therefore, did not have a permissible purpose to obtain the report in violation of § 1681b(f)(2) and/or § 1681e(e)(2).

10.    Defendants follow these improper procedures with every report they create and exchange, and do this as a matter of their designed practice and course of business. In other words, Defendants created the reports about Plaintiff according to their ordinary procedures; the types of errors in Plaintiff's reports and the impermissible exchange and use of them were not isolated or individualized.

11.    Defendant Selection is a corporation headquartered in Cincinnati, Ohio.

12.    Selection is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

13.     Selection is regularly engaged in assembling, evaluating, and publishing information concerning consumers to furnish consumer reports to third parties as defined by 15 U.S.C. § 1681a(d).

14.     Defendant ClearStar, Inc., is a Delaware corporation that has its primary offices in Melbourne, Florida. It markets itself as "a leading provider of Human Capital Integrity℠ technology-based services specializing m background and medical screenmg software and integrations."

15.     Defendants publish such consumer reports to third parties under contract for monetary compensation.

16.     The FCRA also imposes specific requirements when reports are, like here, issued for employment purposes.When furnishing employment-purposed reports and they contain information likely to adversely affect the subject consumer's ability to obtain employment, the CRA must either: (1) notify the consumer it is providing such report at the time it provides the report; or (2) have in place strict procedures designed to ensure the public-record information reported is complete and up-to-date. 15 U.S.C. § 1681k.

17.     Compliance with Section 1681k is not optional, and comes into play whenever a CRA furnishes a consumer report for employment purposes.

18.     Despite knowing that it sold a report to ClearStar for employment purposes, Selection took no steps to comply with either subsection of 1681k—it has no procedures in place to ensure information it reports is complete and up-to-date, and it provides no contemporaneous notice to consumers that it is providing adverse information about consumers.

19.     Put simply, Selection and ClearStar operated in exactly the opposite way Congress envisioned when it enacted the FCRA. Rather than employing systems to accurately report information, appropriately notifying consumers when reporting derogatory information

4

about them, and obtaining proper certifications before exchanging consumer reports, Defendants worked in secret, keeping all information to themselves, and outright refused to own up to their mistakes and make them right. Lawsuits like this one are therefore the only relief for consumers like Plaintiff and Class Members.

20.     Plaintiff brings a nationwide class claim against Selection under 15 U.S.C. § 1681k. At the time Selection created and provided the report about Plaintiff to ClearStar, it neither had in place strict procedures designed to ensure the public-record information it reported was complete and up-to-date, and did not provide Plaintiff with notice it was reporting such information at the time they did so.

21.     Plaintiff brings a separate nationwide class claim against Selection for violations 15 U.S.C. § 1681b and § 1681e(a). Selection violated those sections by disclosing a consumer report without a reason to believe that the report would be used for a permissible purpose and by failing to obtain a certification that identified the purpose for requesting the report and that the report would not be used for any other purpose. These failures were repeated and by design, and occurred with every report Selection sold to ClearStar.

22.     Plaintiff also brings a nationwide class claim against ClearStar for violations of 15 U.S.C. § 1681b(f) and/or § 1681e(e)(2). ClearStar violated these sections by obtaining a consumer report without certifying the purpose for requesting the report and that the report would not be used for any other purpose. These failures were repeated and by design, and occurred with every report ClearStar purchased from Selection.

## THE PARTIES

23.     Individual and representative Plaintiff, Charu Joella Byam-Hunte, applied for employment with Transcynd, was employed by Transcynd, was terminated by Transcynd after it procured an inaccurate consumer report from ClearStar.

24.     Plaintiff is a member of the putative Classes defined below.

25.     Defendant Selection is a consumer reporting agency as defined and governed by the FCRA.

26.     Defendant ClearStar is a consumer reporting agency as defined and governed by the FCRA.

## JURISDICTION AND VENUE

27.     This is an action for damages in excess of $30,000, exclusive of interest, fees, and costs.

28.     The Court has jurisdiction under the FCRA, 15 U.S.C. §§ 1681n and 1681p.

29.     Defendant ClearStar is a Florida corporation company with headquarters in Melbourne, Florida. Thus, it is subject to personal jurisdiction of Florida courts.

30.     Defendant Selection sold information to ClearStar that Selection knew would be used in a report about Plaintiff, a Florida resident, for potential employment in Florida. Selection is therefore subject to personal jurisdiction of Florida courts.

31.     Venue is proper in Pinellas County because all of the events giving rise to these claims arose in this County. ClearStar created a consumer report about Plaintiff, with information from Selection, that each knew or believed reflected on an individual living here, and sold it to a potential employer in this County. Defendants will suffer no unfair prejudice

6

from the exercise of this Court's personal jurisdiction, which serves the interests of justice in this case.

## FACTUAL ALLEGATIONS

**A.    Plaintiff's Application For Employment.**

32.    On or around December 2021, Plaintiff sought employment with Transcynd.

33.    After she had received Transcynd's offer of employment, Transcynd required Plaintiff to complete a background check through non-party Silvershore Partners, LLC, d/b/a ProfileGorilla, which runs its background checks through Defendant ClearStar, Inc.

34.    As part of the process for creating the report about Plaintiff, ClearStar purchased data from Defendant Selection, through its Xpedite platform. That information included, among other things, criminal-history data.

35.    That criminal data, unverified by ClearStar, went essentially straight from Xpedite to ClearStar and onto the report about Plaintiff.

36.    Such data should not have appeared on Plaintiff's report, however, because she has no criminal history.

37.    Defendants then packaged the consumer report about Plaintiff and sold it to Transcynd.

38.    On or around January 14, 2022, the Plaintiff received a letter from Transcynd terminating Plaintiff's employment immediately, without the required information such as the name of the CRA that produced a background report about her, the Plaintiff's right to dispute the information, and/or the right to request additional free copies of the report within sixty days.

39.    On around May 23, 2022, Plaintiff finally received from Defendant ClearStar an emailed document consisting solely of her background check and not the full file disclosure of

the sources for the information contained in her background check. This also, of course, occurred long after Transcynd's decision to terminate Plaintiff's employment, and after she contacted Defendant ClearStar trying to dispute the contents.

40.    The report contains inaccuracies and errors, in particular a criminal charge that was attributed to Plaintiff. That charge is inaccurate and is simply not Plaintiff's charge.

41.    On around January 2022, Plaintiff attempted to dispute the background check results, but ClearStar refused to cooperate and reinvestigate Plaintiff's dispute of the inaccuracies in the report.

42.    Plaintiff's termination letter from Transcynd stated that the report on which it was relying to deny Plaintiff employment was created by Defendant ClearStar. Furthermore, the letter stated that if the dispute was resolved, Plaintiff could reapply with Transcynd. Plaintiff therefore lost her job due to Defendants and also lost the opportunity to reapply had the dispute been reinvestigated and resolved.

**B.    The FCRA's Confidentiality And Privacy Components.**

43.    A primary purpose for enactment of the FCRA was to create public standards protecting the privacy and confidentiality of personal information.  Senator Proximire recognized that the Act was necessitated by the lack of standards stating, "[w]hat is disturbing is the lack of any public standards to ensure that the information is kept confidential and used only for its intended purpose." 115 Cong. Rec. 2413 (1969). See also 114 Cong. Rec. 24,903 (1968).

44.    Congress addressed this concern by creating standards within the FCRA limiting the dissemination of personal information in several important respects. The Act limits the dissemination of consumer reports by a consumer reporting agency to certain designated purposes. See 15 U.S.C. § 1681b(a) limiting the disclosure of a consumer report where a

consumer reporting agency has reason to believe the information will be used for, inter alia, credit transactions, employment applications or the underwriting of insurance.

45.     The Act also creates standards by requiring the person requesting a consumer report from a consumer reporting agency to have a permissible purpose and also to provide a certification attesting to the purpose of the report and stating that the report will be used for no other purpose. 15 U.S.C. § 1681b(f)(2).

46.     Likewise, these same duties and responsibilities apply to resellers of consumer reports. 15 U.S.C. § 1681e(e)(2).

47.     The Act further requires consumer reporting agencies to obtain certifications from users certifying the purposes for which the information was being sought, and certifying that the information will be used for no other purpose. 15 U.S.C. § 1681e(b).

48.     Where the consumer reporting agency or the user fails to provide the required certification and then the consumer reporting agency provides a consumer report to the user, the disclosure of that report lacks the requisite statutory permission for dissemination, thereby undermining the intended confidentiality and privacy protections of the FCRA.

49.     Discovery will show Defendants uniformly deprive persons of these crucial protections by failing to obtain or require the mandated certifications stating that the consumer reports issued by Selection will be used for specified permissible purposes and will not be used for any other purpose. Absent these protections, Selection allows users to obtain and use consumer reports for any purpose whatsoever.

50.     Defendant ClearStar is obligated under the FCRA to provide to Xpedite, before it may obtain consumer-report information, a certification of purpose, and an attestation that the report will be used only for that purpose.

51.     Similarly, the FCRA forbids Defendant Selection from issuing consumer reports without these certifications.

52.     Despite these easy-to-follow, long-established statutory requirements, Defendants exchange consumer reports about consumers like Plaintiff without adhering to these requirements at all.

53.     Defendants therefore violate the FCRA with each report they exchange between themselves and sell about consumers that contain the information they exchange.

**C.     Defendants' Businesses.**

54.     Defendant Selection operates as a consumer reporting agency by providing criminal record background checks and other similar consumer reports for the purpose of credit transactions, employment, or housing rentals.

55.     Selection gathers and stores personal information about persons for the purpose of providing consumer reports to third party employers, landlords and others.  Such reports include, but are not limited to, criminal history reports, character references, education verification, drug screening, credit histories, property rental histories including eviction histories, and motor vehicle reports.

56.     Selection owns and operates what it calls its Search America database which it describes as follows: ". . .THE standard in national criminal database searches. With over **1.3 BILLION** records, from over **1,900 different sources**, is an unparalleled locator tool to combine with prime source searches to ensure you have the most complete picture available." https://selection.com/national-criminal-database/ (last visited 10/03/2023).

57.     Selection also operates a website found online at www.xpediteonline.com. The website is copyrighted by Selection and states at the bottom of each page: "Copyright © 2023

Selection Management Systems, Inc. dba XPEDITE® Wholesale Criminal Research. All rights reserved." https://xpediteonline.com/ (last visited 10/03/2023).

58.     Through Xpedite, Selection also sells criminal history record reports to so-called resellers.  As the FAQ section of the Xpedite website explains:

> Who qualifies for XPEDITE®?
>
> Unfortunately, not everyone qualifies for this service. You must be a reseller of criminal records. XPEDITE® does not perform services for retail customers. Our customers include pre-employment screening companies, information providers, security specialists, government entities, tenant screening services and insurance providers.

59.     Xpedite prominently features Defendant ClearStar as an entity with whom it has integrated its report-generation systems. *See* https://xpediteonline.com/.

60.     For its part, ClearStar's website confirms that it issues FCRA-governed reports, as its landing page touts its "Intuitive Background Screening Improving Time to Hire":

> We provide employers and companies across the globe the pre-employment background check software, services, employment verification background checks, screening services, and tools they need to quickly, easily, and confidently welcome new individuals to their team.

https://www.clearstar.net/ (last visited Oct. 4, 2023).

61.     By integrating with ClearStar and boasting about such on its website, Xpedite knows that it sells reports to an entity that will use those reports for FCRA-governed purposes.

62.     The Xpedite website also explains what little is needed to access its services, which is virtually nothing:

> How long does it take before I can order searches?
>
> A completed customer credit application, service agreement, and a MasterCard, Visa, or American Express account number are required to sign up online. Once your account is approved, you will be issued a customer number and password.

63.     Selection sells its Search America criminal history reports through the Xpedite website. Discovery will show that these reports are assembled from the same database Selection uses to sell Search America reports directly to non-reseller employers, landlords or others.

64.     Despite knowing that its Search America reports come from the same database whether such reports are sold as a Selection.com report or an Xpedite.com report, Selection attempts to disclaim that its Xpedite.com business is covered by the FCRA stating as follows:

> XPEDITE® Wholesale Criminal Research is not a "Consumer Reporting Agency," and services do not constitute a "Consumer Report" as those terms are defined under the federal Fair Credit Reporting Act, 15. U.S.C. § 1681 et seq. ("FCRA"). XPEDITE® does not provide services directly to employers, landlords, or to any other entity which makes hiring or rental decisions, or any other decision regulated by the FCRA.

https://xpediteonline.com/ (last visited Oct. 3, 2023).

65.     This disclaimer is not effective to obviate that Xpedite is actually in fact an arm of the consumer reporting agency business that is Selection. Xpediteonline.com is merely Selection operating under a disguised name, yet still operating the same consumer reporting agency business.

66.     In other words, while Xpedite claims otherwise, it sells consumer reports to those like ClearStar, which Xpedite knows will use them for FCRA-governed purposes, yet Xpedite pretends the FCRA does not apply to its sale of such reports.

67.     Xpedite is wrong, and is wrong with every report it sells to ClearStar.

**D.      Defendants Acted Willfully.**

68.     Defendants knew or should have known about their legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission and Consumer Financial Protection Bureau.

12

Defendants obtained or had available substantial written materials, which apprised them of their duties under the FCRA.

69. Defendants' willful conduct is further reflected by, among other things, the following facts:

a. Defendants know that the FCRA exists, and that there is no shortage of information they can access to assure compliance. Yet, Defendants did not utilize such resources to bring their processes for creating and selling consumer reports into compliance. This failure was either knowing or reckless;

b. Defendants do not have in place any procedures to ensure that they follow the FCRA's requirements in trafficking in consumer information. The FCRA requires simple certifications of purpose before such information may be bought and sold, yet Defendants continue to operate as though those requirements do not apply to them. They therefore do not comply with the FCRA by choice, not mistake. Such failures are at least reckless, if not knowing;

c. Defendants flaunt their FCRA violations with perceived impunity, with Xpedite showing ClearStar on its website as a customer, something ClearStar no doubt knows about, yet at the same time includes a disclaimer that its products are not governed by the FCRA. Both Defendants are therefore aware of their violations, yet the solder on. Such failures again are at least reckless, if not knowing;

d. Defendants are aware from other litigation that the FCRA's provisions apply to their businesses, but they do not care. These failures are likewise knowing and therefore willful;

e. The FCRA was enacted in 1970, giving Defendants 50 years to become compliant;

f. Defendants are companies with access to legal advice through their own general counsel's office and/or outside litigation counsel. Yet, there is no contemporaneous evidence that they determined that their conduct was lawful;

g. Defendants knew or had reason to know that their conduct was inconsistent with FTC guidance, case law, and the plain language of the FCRA;

h.  Defendants voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless; and

i.  Defendants' violations of the FCRA were repeated and systematic, and they were carried out not by accident or oversight, but exactly as Defendants intended.

70.     As a result of these FCRA violations, Defendants are liable to Plaintiff and to each Class Member for statutory damages from $100 to $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) for the violations alleged herein, and for attorneys' fees and costs pursuant to §§ 1681n and 1681o.

## CLASS ACTION ALLEGATIONS

71.     Pursuant to Florida Rule of Civil Procedure 1.220, Plaintiff brings this action for herself and on behalf of the following defined Classes:

### Selection Impermissible Sale Class

All natural persons residing in the United States as to whom (a) a person or entity requested their consumer information from Selection through Xpedite, (b) within the two year period preceding the filing of this action and during its pendency, and (c) as to whom Selection failed to obtain a certification from the person or entity stating the purpose for requesting the consumer information and stating that the consumer information would not be used for any other purpose.

Excluded from the class definition are any employees, officers, or directors of Selection, any attorney appearing in this case, and any judge assigned to hear this action.

### ClearStar Impermissible Purchase Class

All natural persons residing in the United States as to whom (a) ClearStar requested consumer information from Selection through Xpedite, (b) within the two-year period preceding the filing of this action and during its pendency, and (c) as to whom ClearStar failed to provide a certification from the person or entity stating the purpose for requesting the consumer information and stating that the consumer information would not be used for any other purpose.

Excluded from the class definition are any employees, officers, or directors of Selection, any attorney appearing in this case, and any judge assigned to hear this action.

72.     **Numerosity.** The Classes are so numerous that joinder of all members is impracticable. Based on information and belief, the Classes are comprised of at least thousands of members who are geographically dispersed throughout the country so as to render joinder of all Class Members impracticable. The names and addresses of the Class Members are identifiable through documents maintained by Defendants, and the Class Members may be notified of the pendency of this action by published and/or mailed notice.

73.     **Existence and Predominance of Common Questions of Law and Fact.** Common questions of law and fact exist as to all members of the Classes. The total focus of the litigation will be Defendants' uniform conduct and procedures; whether Defendants provided the required notices and disclosures, and investigated disputes; when it did so, if at all; and, whether Defendants acted willfully in their failure to design and implement procedures to assure compliance with the FCRA provisions at issue. The appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. § 1681n is a common question for members of the Classes.

74.     **Typicality.** Plaintiff's claims are typical of the other Class Members' claims. As described above, Defendants use common practices and automated systems in committing the conduct that Plaintiff alleges damaged her and the Classes. Plaintiff seeks only statutory and punitive damages for her classwide claims and, in addition, Plaintiff is entitled to relief under the same causes of action as the other members of the Classes. Defendants uniformly breached the FCRA by engaging in the conduct described above, and these violations had the same effect on each member of the Classes.

75.     **Adequacy.** Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff's interests coincide with, and are not antagonistic to, other Class Members' interests. Additionally, Plaintiff has retained Counsel experienced and competent in complex, commercial, multi-party, consumer, and class-action litigation. Plaintiff's Counsel has prosecuted complex FCRA class actions across the country, including repeatedly in this District and Division.

76.     **Superiority.** Questions of law and fact common to the Classes predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct. It would be virtually impossible for the members of the Class to, individually, effectively redress the classwide wrongs done to them, particularly in light of the fact that the claims are in part based on the failure of Defendants to give Class Members the proper disclosure and notice. Even if the members of the Classes themselves could afford such individual litigation, it would be an unnecessary burden on the courts.

77.     Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

78.     There are no known unusual legal or factual issues that would cause management problems not normally and routinely handled in class actions. Because Class Members in each

Class that Plaintiff seeks to represent may be unaware that their rights have been violated or, if aware, would be unable to litigate their claims on an individual basis because of their relatively small damages, a class action is the only practical proceeding available. To Plaintiff's knowledge no other similar actions are pending against Defendants. This forum is appropriate for litigation because Defendants conduct business in this District and the conduct complained-of herein occurred here.

**CLAIMS FOR RELIEF**

**COUNT ONE: IMPERMISSIBLE PURPOSE CLAIM**
**Violation of 15 U.S.C. §§ 1681b and 1681e(a) Against Selection**

79.     Plaintiff restates each of the allegations in the preceding paragraphs 1 through 75 as if set forth at length herein.

80.     Defendant Selection violated 15 U.S.C. §§ 1681b and 1681e(a) by disclosing a consumer report without a reason to believe that the report would be used for a permissible purpose and by failing to obtain a certification that identified the purpose for requesting the report and that the report would not be used for any other purpose. These failures were repeated and by design.

81.     Selection therefore had no statutory permission to sell reports to ClearStar, so it should not have. When Selection sold those reports, it violated the FCRA each time.

82.     Selection's violations were willful, pursuant to 15 U.S.C. § 1681n, or, in the alternative, negligent entitling the Plaintiff and putative Class Members to recover under 15 U.S.C. § 1681o should liability be established.

83.     As a result of the Selection's violations, the Plaintiff and the putative Selection Class Members suffered harm and are entitled to recover actual damages, statutory damages, punitive damages, costs, and attorneys' fees as permitted by the FCRA. 15 U.S.C. §§ 1681n, o.

## COUNT TWO: IMPERMISSIBLE PURPOSE CLAIM
### Violation of 15 U.S.C. §§ 1681b and 1681e(a) Against ClearStar

84.     Plaintiff restates each of the allegations in the preceding paragraphs 1 through 75 as if set forth at length herein.

85.     Defendant ClearStar violated 15 U.S.C. §§ 1681b(f) and/or 1681e(e)(2) by obtaining a consumer report without certifying the purpose for requesting the report and that the report would not be used for any other purpose. These failures were repeated and by design.

86.     In failing to provide the requisite certifications, ClearStar had no statutory permission to obtain consumer reports form Selection. When ClearStar obtained those reports without the appropriate certifications, it violated the FCRA with each report it purchased.

87.     ClearStar's violations were willful, pursuant to 15 U.S.C. § 1681n, or, in the alternative, negligent entitling the Plaintiff and putative class members to recover under 15 U.S.C. § 1681o should liability be established.

88.     As a result of ClearStar's violations, Plaintiff and the putative ClearStar Class members suffered harm and are entitled to recover actual damages, statutory damages, punitive damages, costs, and attorneys' fees as permitted by the FCRA. 15 U.S.C. §§ 1681n, o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and the Classes pray for relief as follows:

a) That an order be entered certifying the proposed Classes under Rule 1.220 of the Florida Rules of Civil Procedure and appointing Plaintiff and her Counsel to represent the Classes;

b) That judgment be entered for the proposed Classes against Defendants Selection and ClearStar for statutory damages and punitive damages for violations of 15 U.S.C. § 1681g, pursuant to 15 U.S.C. § 1681n;

c) That judgment be entered for the proposed Class against Defendants Selection and ClearStar for statutory damages and punitive damages for violations of 15 U.S.C. § 1681i, pursuant to 15 U.S.C. § 1681n;

d) That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o;

e) That the Court grant such other and further relief as may be just and proper, including but not limited to any equitable relief, that may be permitted.

   **A TRIAL BY JURY IS DEMANDED.**

Dated this 3rd day of November, 2023.

Respectfully submitted,

**BRANDON HILL**
Florida Bar No. 37061
Direct Dial: 813-337-7992
**LUIS A. CABASSA**
Florida Bar No. 0053643
Direct Dial: 813-379-2565
**AMANDA E. HEYSTEK**
Florida Bar Number: 0285020
Direct Dial: 813-379-2560
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, FL 33602
Telephone: 813-224-0431
Facsimile: 813-229-8719
Email: bhill@wfclaw.com
Email: lcabassa@wfclaw.com
Email: aheystek@wfclaw.com
Email: gdesane@wfclaw.com

*Attorneys for Plaintiff*

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I.      CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SIXTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>PINELLAS</u>  COUNTY, FLORIDA

<u>Charu Joella Byam-Hunte</u>
Plaintiff
                                                              Case # _____
                                                              Judge  _____

vs.
<u>Clearstar Inc, Selection Management Systems Inc</u>
Defendant

**II.      AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☒  $50,001- $75,000
☐  $75,001 - $100,000
☐  over $100,000.00

**III.      TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☒ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☒ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
      ☐ Residential Evictions
      ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

    **IV.    REMEDIES SOUGHT** (check all that apply):
    ☒ Monetary;
    ☐ Nonmonetary declaratory or injunctive relief;
    ☒ Punitive

    **V.    NUMBER OF CAUSES OF ACTION:** [  ]
    (Specify)

     2

    **VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
        ☒ yes
        ☐ no

    **VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
        ☐ no
        ☒ yes If "yes," list all related cases by name, case number, and court.
        <u>23-000198-CI and Middle District of Florida Case No. 8:23-cv-00274-CEH-AAS</u>

    **VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
        ☒ yes
        ☐ no

    **IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
        ☐ yes
        ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Brandon J Hill</u>        Fla. Bar # <u>37061</u>
      Attorney or party               (Bar # if attorney)

<u>Brandon J Hill</u>        <u>11/03/2023</u>
  (type or print name)         Date

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## IN AND FOR PINELLAS COUNTY, FLORIDA
## CIVIL DIVISION

**CHARU JOELLA BYAM-HUNTE,**
*on behalf of herself and all others*
*similarly situated,,*

      **Plaintiff,**

v.                             **CASE NO.:**

**CLEARSTAR, INC., and SELECTION**
**MANAGEMENT SYSTEMS, INC., d/b/a**
**SELECTION.COM and XPEDITE**
**WHOLESALE CRIMINAL RESEARCH,**

      **Defendant.**

_____/

## SUMMONS

**THE STATE OF FLORIDA**:
To Each Sheriff of the State:

      **YOU ARE HEREBY COMMANDED** to serve this Summons, a copy of the Complaint, Request for Production, First Set of Interrogatories, and Notice of Taking Corporate Representative Deposition in this action on defendant:

**CLEARSTAR, INC.**
**c/o Corporation Service Company, Registered Agent**
**1201 Hays Street**
**Tallahassee, FL 32301**

      Each defendant is required to serve written defenses to the complaint or petition on Luis A. Cabassa, plaintiff's attorney, whose address is Wenzel Fenton Cabassa 1110 N. Florida Avenue, Suite 300, Tampa, Florida 33602 within 20[1] days after the service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on ___ day of November, 2023.

| | |
|---|---|
| *[signature]* | **KEN BURKE**<br>As Clerk of the Court |
| Printed: Brandon J. Hill<br>Attorney for Plaintiffs<br>Address: Wenzel Fenton Cabassa<br>1110 N. Florida Avenue, Suite 300<br>Tampa, Florida 33602<br>Florida Bar No. : 37061 | By: _____<br><br>_____<br>As Deputy Clerk<br>(727) 464-7000 |

---

[1] Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days.  When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you to the provision of certain assistance. Wi███████ 2) working days or your receipt of this Summons please contact the Human Rights Office ███████ Ft. Harrison Ave., Ste. 300, Clearwater, FL 33756, (727) 464-4062 (V/TDD). The court does not provide transportation and cannot accommodate for this service. Persons with disabilities needing transportation to court should contact their local public transportation providers for information regarding disabled transportation services.**

IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

2

### IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
### IN AND FOR PINELLAS COUNTY, FLORIDA
### CIVIL DIVISION

**CHARU JOELLA BYAM-HUNTE,**
*on behalf of herself and all others*
*similarly situated,,*

      **Plaintiff,**

**v.**                                **CASE NO.:**

**CLEARSTAR, INC., and SELECTION**
**MANAGEMENT SYSTEMS, INC., d/b/a**
**SELECTION.COM and XPEDITE**
**WHOLESALE CRIMINAL RESEARCH,**

      **Defendant.**

_____/
### SUMMONS

**THE STATE OF FLORIDA**:
To Each Sheriff of the State:

      **YOU ARE HEREBY COMMANDED** to serve this Summons, a copy of the Complaint, Request for Production, First Set of Interrogatories, and Notice of Taking Corporate Representative Deposition in this action on defendant:

      **SELECTION MANAGEMENT SYSTEMS, INC.**
      **c/o Konrad Kircher, Registered Agent**
      **12 E. Warren Street**
      **Lebanon, OH  45036**

      Each defendant is required to serve written defenses to the complaint or petition on Luis A. Cabassa, plaintiff's attorney, whose address is Wenzel Fenton Cabassa 1110 N. Florida Avenue, Suite 300, Tampa, Florida 33602 within 20[1] days after the service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on plaintiff's attorney or immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on ___ day of November, 2023.

| | |
|---|---|
| *Brandon J. Hill* (signature) | **KEN BURKE**<br>As Clerk of the Court |
| Printed: Brandon J. Hill<br>Attorney for Plaintiffs<br>Address: Wenzel Fenton Cabassa<br>1110 N. Florida Avenue, Suite 300<br>Tampa, Florida 33602<br>Florida Bar No. : 37061 | By:<br>_____<br>As Deputy Clerk<br>(727) 464-7000 |

_____
[1] Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days.  When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you to the provision of certain assistance. Wi████████ 2) working days or your receipt of this Summons please contact the Human Rights Office █████ Ft. Harrison Ave., Ste. 300, Clearwater, FL 33756, (727) 464-4062 (V/TDD). The court does not provide transportation and cannot accommodate for this service. Persons with disabilities needing transportation to court should contact their local public transportation providers for information regarding disabled transportation services.**

IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named in the documents.

IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica. Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones). Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

2