# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CHARU JOELLA BYAM-HUNTE,

    Plaintiff,

v.                                        Case No: 8:23-cv-2802-CEH-UAM

CLEARSTAR, INC. and SELECTION
MANAGEMENT SYSTEMS, INC.,

    Defendants.
_____

## **ORDER**

This matter comes before the Court on Plaintiff Charu Joella Byam-Hunte's Motion to Remand (Doc. 19), which Defendants ClearStar, Inc. ("ClearStar") and Selection Management Systems, Inc. ("Selection") oppose (Docs. 22, 24). Also before the Court is ClearStar's Motion to Stay (Doc. 11) and Selection's Motion to Dismiss (Doc. 12), which Plaintiff opposes (Docs. 20, 21).

Upon review and consideration, and being fully advised in the premises, the Court will grant the Motion to Remand.

**I.    BACKGROUND**

This Fair Credit Reporting Act ("FCRA") action was filed in state court on November 3, 2023. Doc. 1-1. On behalf of herself and others similarly situated, Plaintiff alleges that Defendants violated FCRA disclosure requirements when Selection sold consumer reports to ClearStar for background checks. *Id.* Specifically, Plaintiff alleges that Selection violated 15 U.S.C. §§ 1681b and 1681e(a) by disclosing

consumer reports without a reason to believe that they would be used for a permissible purpose, and by failing to obtain a certification that identified the purpose for requesting the reports and that they would not be used for any other purpose. *Id.* ¶ 80. Likewise, she alleges that ClearStar violated 15 U.S.C. §§ 1681b(f) and/or 1681e(e)2 by obtaining consumer reports without certifying the purpose for requesting the reports and that they would not be used for any other purpose. *Id.* ¶ 85. Defendants' transactions with each other repeatedly violated the FCRA and caused Plaintiff and the putative class to "suffer[] harm[.]" *Id.* ¶¶ 83, 88.

Selection removed this action to federal court on December 8, 2023. Doc. 1. Thereafter, ClearStar moved to stay the action pending the resolution of a motion to consolidate it with another putative class action pending between Plaintiff and ClearStar before this Court. Doc. 11. In case number 8:23-cv-274-CEH-AAS, which was removed to federal court in February 2023, Plaintiff alleges that ClearStar violated other FCRA provisions, such as failing to reasonably investigate consumer disputes and disclose the consumer's full file, notify the consumer about the report or ensure the information it reports is accurate, and establish reasonable procedures to ensure maximum accuracy. *See* Case No. 8:23-cv-274-CEH-AAS, Doc. 1-2. Both cases stem from a background check report that Plaintiff alleges contained inaccurate information, causing her to lose her job. *Id.*; Doc. 1-1.

Selection filed a Motion to Dismiss on the same date that ClearStar filed its Motion to Stay. Doc. 12. Selection raises two claims in support of its request that the Court dismiss the action with prejudice. *Id.* In addition to an argument on the merits,

2

Selection contends that the complaint does not state a claim upon which relief can be granted because Plaintiff has not established a concrete injury sufficient to establish standing under *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016). Doc. 12 at 4-7. Under the *Spokeo* doctrine, a plaintiff who alleges a "bare procedural violation" of the FCRA that is "divorced from any concrete harm" does not have standing. *Id.*, quoting *Spokeo*, 578 U.S. at 341. Relying on extrinsic evidence, Selection asserts that the information it provided to ClearStar about Plaintiff did not include the inaccurate criminal history report that caused her to lose her job. Doc. 12 at 2-3. Accordingly, Selection argues that Plaintiff has failed to establish any actual harm from actions taken by Selection. *Id.* at 4-5.

Plaintiff now moves to remand this action in response to Selection's standing argument. Doc. 19; *see also* Doc. 21. She explains that she chose to file the action in state court to avoid any standing-related issues created by recent Supreme Court jurisprudence, which addressed standing only under Article III of the U.S. Constitution rather than under Florida law. Doc. 19 at 8-10. When Selection removed the action to federal court, it assumed the burden of establishing this Court's subject matter jurisdiction, including a plaintiff's standing in federal court. *Id.* at 2-3. Given that Selection is instead asserting that Plaintiff lacks federal standing, Plaintiff argues that the action must be remanded without reaching the merits of the pending motions. *Id.* at 8-13.

Selection responds in opposition to the Motion for Remand to clarify that it did not intend to argue that the Court lacks subject matter jurisdiction, but only to assert

3

that Plaintiff's claims against Selection fail as a matter of law because Selection did not provide any adverse information about Plaintiff. Doc. 22 at 1-2. Selection states that "[t]o the extent there is any lack of clarity regarding Selection's position, Selection hereby formally withdraws any argument based on standing." *Id.* at 2.

ClearStar also opposes remand. Doc. 24. ClearStar argues that the Court has subject matter jurisdiction because the action arises under federal law. *Id.* at 4-5. In the alternative, dismissal is warranted because remand would be futile, as Plaintiff would also lack standing under Florida law. *Id.* at 5-9.

## II.   STANDARD OF REVIEW

Removal of cases to federal court is governed by 28 U.S.C. § 1441, which provides in part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* at § 1441(a).

District courts are courts of limited jurisdiction. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000). Thus, parties seeking to remove an action must show that the underlying claim is based upon either diversity jurisdiction (cases in which the parties are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs"), or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the United States"). *See* 28 U.S.C. §§ 1331-1332. Moreover, Article III of

the United States Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies" for which plaintiffs have standing to sue. *See TransUnion LLC v. Ramirez,* 594 U.S. 413, 423 (2021); *Lujan v. Defs. Of Wildlife,* 504 U.S. 555, 559 (1992). Article III standing is a "threshold jurisdictional question" that federal courts must consider *sua sponte* even if the parties have not raised the issue or agree that jurisdiction exists. *AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356 (2007) (citations omitted).

Removal jurisdiction is construed narrowly, with all doubts resolved in favor of remand. *See Univ. of S. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999); *Pacheco de Perez v. AT&T Co.,* 139 F.3d 1368, 1373 (11th Cir. 1998). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car,* 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1319-20 (11th Cir. 2001)); *see Univ. of S. Ala.,* 168 F.3d at 411-412 ("The burden of establishing subject matter jurisdiction falls on the party invoking removal.").

## III.   DISCUSSION

Defendants have not met their burden of establishing that subject matter jurisdiction exists in federal court.[1] Although Plaintiff's claims are brought under a

---

[1] Selection's withdrawal of any perceived standing argument in its opposition to the motion for remand does not render the standing issue moot, because this Court is obligated to independently assure itself of its subject matter jurisdiction. *See U.S. v. Ross*, 963 F.3d 1056, 1062 (11th Cir. 2020), quoting *AT&T Mobility*, 494 F.3d at 1360 ("In fact, we are obliged to consider standing *sua sponte* even if the parties have not raised the issue.").

5

federal statute, Plaintiff has not alleged a concrete injury that meets the requirements for Article III standing. Therefore, the action must be remanded.

The Article III standing doctrine "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins,* 578 U.S. 330, 338 (2016) (citations omitted). At the pleading stage, the plaintiff must clearly allege facts demonstrating the existence of standing. *Id.* A plaintiff will lack standing in federal court unless she has suffered an "injury in fact" that is, *inter alia*, "concrete and particularized." *Id.* at 339 (citations omitted). An injury that is "concrete" may be intangible, but it must actually exist. *Id.* at 340.

In *Spokeo*, an FCRA case, the Supreme Court held that a "bare procedural violation, divorced from any concrete harm," does not constitute an injury in fact for Article III standing purposes." *Id.* at 341. The court explained that a plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* The court revisited this doctrine in the FCRA context in *TransUnion LLC v. Ramirez*, 594 U.S. 413, 433-39 (2021), where it held that the mere existence of inaccurate information in consumers' credit files did not constitute a concrete injury unless the information was disseminated to a third party. Similarly, the plaintiffs' receipt of information in a format other than what the FCRA required was not a concrete injury. *Id.* at 439-42. For both types of violation, the court rejected the argument that the risk of future harm constituted an injury in fact. *Id.* at 435-39, 441.

6

Here, as in *Ramirez*, Plaintiff has not alleged that she suffered a concrete injury from the FCRA violations she alleges. While generally asserting that she "suffered harm" from Defendants' alleged failure to obtain or provide a certification that her report would be used for a permissible purpose, she alleges no specific injury or loss that occurred. Doc. 1-1 ¶¶ 83, 88. Although she states that she lost her job because the information Defendants caused to be reported to her employer was inaccurate, *id.* ¶¶ 33-40, her allegations do not tie the inaccuracy to the procedural violations: for example, she does not allege that Selection's purported failure to obtain a certification from Clearstar, or vice versa, *caused* the inaccuracy. Nor does she allege that ClearStar used the information for a purpose that was not permissible. Absent any allegation of injury, her claims amount to "bare procedural violation[s], divorced from any concrete harm," *see Spokeo*, 578 U.S. at 341, which are insufficient to establish standing under Article III. Indeed, Plaintiff's assertion that she chose to file in state court "to avoid any Article III standing-related issues created by recent FCRA-related standing decisions" is an implicit concession that she did not suffer a concrete injury that would give her standing in federal court.

Moreover, remand is the mandatory remedy for lack of standing in this removal case. Lack of standing is a jurisdictional defect. *See McGee v. Solicitor General of Richmond Cnty., Ga.*, 727 F.3d 1322, 1326 (11th Cir. 2013) (citations omitted). When a case has been removed, "if at any time…it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.*, quoting 28 U.S.C. § 1447(c). Contrary to ClearStar's request for dismissal on the grounds of futility, *see* Doc. 24 at

5-9, "the literal words of § 1447(c) give no discretion to dismiss rather than remand an action." *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) (cleaned up); *see also Ladies Memorial Ass'n, Inc. v. City of Pensacola, Fla.*, 34 F.4th 988, 994 (2022) ("The problem in this case can be boiled down to the fact that the District Court dismissed a removed case rather than remanding it back to state court when it did not have subject matter jurisdiction because the plaintiffs lacked standing.").

Accordingly, it is **ORDERED**:

1. Plaintiff Charu Joella Byam-Hunte's Motion to Remand (Doc. 19) is **GRANTED**.

2. This action is **REMANDED** to the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida.

3. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida.

4. The Clerk is further directed to **TERMINATE** all pending motions and deadlines and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on April 30, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties